JOHN ROZINKA v. DULUTH & IRON RANGE RAILROAD COMPANY.[1]

June 20, 1930.

Nos. 27,946, 27,947.

Essling & Bundlie, Warner E. Whipple, George W. Atmore, Jr. and D. A. Bourgin, for appellant.

Dennis F. Donovan, for respondent.

[1]Reported in 231 N. W. 404.

STONE, J.

Two actions for personal injuries, submitted together, arising out of an accident to Victor Rozinka, a minor. One is by John Rozinka, his father and natural guardian, on the son's behalf, and the other by the father for expenses incurred. Defendant had judgment on the pleadings in both cases. Plaintiffs appeal.

When injured, Victor Rozinka was in the employ of defendant as a railroad section hand. He will be referred to from now on as though he were the only plaintiff. The gang of which he was a member used a gasolene motor car, the engine of which was set longitudinally in its front end. The flywheel is just inside the front cross piece of the frame of the car floor or platform. The crank shaft projects through the flywheel and beyond the cross piece far enough so that the crank can be applied in starting the motor. Extending the full length of the car and over motor and flywheel is the raised seat or bench upon which the men sit when riding. The flywheel is covered by the front end of the bench, but, as we gather from the complaints, there is no guard across its front. On that point it is alleged "that said flywheel, so exposed, is stationed in such a position that one who has cranked the motor * * * and who attempts to get on the car, at the end of the car where the flywheel is fixed, would be in great danger of getting caught and injured by the wheel or the spokes thereof, and of being wedged between the wheel or the spokes thereof and the floor of said car." The negligence charged against defendant is that the exposed flywheel rendered the car a dangerous appliance for the use of workmen. The complaint proceeds to the effect that in the performance of his duties plaintiff cranked and started the motor and while the flywheel was revolving "with great rapidity" in boarding the car he got his left foot into the spokes of the wheel in such fashion that it "was forced down to the floor of said car by the rotation of the wheel" and crushed "between the downcoming spokes and the floor."

The claim that it was negligence to leave the wheel unguarded, we assume, is well taken. But the danger was so plain to anyone

of even ordinary intelligence that under our law as it stands, and putting aside the question of contributory negligence, plaintiff must be held to have assumed the risk. He was a young man of 19 years. It would have to be assumed that he was of an exceedingly low order of intelligence not to appreciate fully the obvious danger encountered by stepping on the cross piece or floor of the car close in front of the whirling wheel while climbing to his place on the seat or bench for the workmen. A step or two either way and he could have boarded the car safely without hazard from the flywheel or any other source. Plaintiff "was attempting an act which any man of intelligence would or should know to be extremely dangerous and wholly unnecessary." Hermann v. Clark, 89 Minn. 132, 134, 94 N. W. 436, 437 (involving an unguarded "winchhead" or spool). As in the case of the unprotected saws discussed in Anderson v. C. N. Nelson Lbr. Co. 67 Minn. 79, 81, 69 N. W. 630, 631, the "unguarded condition" of the flywheel "and the risks incident thereto," especially the possibility of putting one's foot into it in mounting the car from the front, "were so perfectly plain * * * to the senses of any man of ordinary intelligence that it must be held that the plaintiff either actually knew and appreciated them or ought to have done so, if he had exercised any sort of reasonable care, and hence that he cannot recover because either of contributory negligence or the kindred doctrine of assumption of risks."

The case is nothing like those wherein the injured employe was brought into contact with the unguarded machine by some sudden mishap as was the case in Kanz v. Neils Lbr. Co. 114 Minn. 466, 131 N. W. 643, 36 L.R.A.(N.S.) 269. As clearly distinguishable is Westcott v. C. G. W. R. Co. 157 Minn. 325, 332, 196 N. W. 272, 275, where it could not be said as matter of law that the deceased knew that the cars which killed him when he attempted to pass between two of them "were in a live train or that they would be moved in switching operations." That is, it did not appear conclusively, as it does here, that the man was injured while doing, and because he was doing, a plainly dangerous act and one which he must have

known to be so. Such cases as Roach v. G. N. Ry. Co. 133 Minn. 257, 158 N. W. 232 (switchman blinded by headlight) lack the element, controlling here, of the deliberate choice of an unnecessary and dangerous way of doing things when the safe way was available. Compare Donahue v. C. M. St. P. & P. R. Co. 179 Minn. 138, 228 N. W. 556. To follow the cases farther, even those cited in argument, would be futile. The doctrine of assumption of risk does not stand in much favor with judges. But there are cases, and this is one, where there is no escaping its application and control.

Judgments affirmed.